**Jill Ann SMILOW, on her behalf and on behalf of all others similarly situated, Plaintiff,**

v.

**SOUTHWESTERN BELL MOBILE SYSTEMS, INC. d/b/a Cellular One, Defendant.**

**No. CIV. A. 97–10307–REK.**

United States District Court,
D. Massachusetts.

March 22, 2001.

Thomas G. Shapiro, Edward F. Haber, Thomas V. Urmy, Jr., Andrew A. Rainer, Shapiro, Grace & Haber, Boston, MA, for Plaintiff.

Marcus E. Cohn, Jonathan Sablone, Tristin L. Batchelder, Stephen V. Saia, Nixon Peabody, Boston, MA, for Defendant.

## Opinion

KEETON, District Judge.

### I. The Pending Matter for Decision

This civil action was filed by plaintiff Jill Ann Smilow on February 11, 1997. Plaintiff Smilow sought to proceed "on her behalf and on behalf of all others similarly situated" on claims against "Southwestern Bell Mobile Systems, Inc. d/b/a/ Cellular One, Defendant." She alleged breach-of-contract claims with respect to "rounding up" billings for mobile telephone service and claims under varied legal theories for billings on "incoming calls" (which counsel for plaintiffs Smilow and Bibeau prefer to label as their "Received Calls Claim"). The court, by an order made on October 9, 1998, acting with the purpose of prompt consideration of worthiness of the case for class action proceedings, certified plaintiff Smilow as a class representative on her claims for billings on "incoming calls" and ordered further proceedings aimed at drafting a precise and appropriate class description for incoming call claims and drafting an appropriate form of notice of the class proceedings. Sharp and continuing differences between the parties and their attorneys over these matters have delayed resolution of the precise form of class proceedings and selection of an appropriate person or persons to represent the defined class. These matters are now before the court for decision on Defendant's Motion to Decertify the Incoming Call Class (Docket No. 128, filed December 22, 2000) and Motion by Margaret L. Bibeau to Be Designated as a Representative of the Certified Class (Docket No. 112, filed May 12, 2000).

For the reasons explained in this opinion, the order below allows Defendant's Motion to Decertify the Incoming Call Class, though on narrower grounds and with possibly more limited consequences for the final disposition of this case than defendant proposes. The Motion by Margaret L. Bibeau to Be Designated as a Representative of the Certified Class is denied as inadequately supported on

the record before the court and thus also not effective to defeat the defense motion to decertify.

## II. Predominating Issues

### A. Introduction

Plaintiffs argue (in addition to less sweeping contentions) that they should not be required to show that issues common to claims of all members of a certified class predominate over other issues that must be decided before final disposition of claims of members of the class. They wish the court to certify the class and at least one class representative, proceed with adjudication of legal issues, and allow plaintiffs to proffer admissible evidence sufficient to support findings of fact to support one or more of their various claims after they have been allowed further time for discovery on damages issues. *See generally* Plaintiffs' Memorandum in Support of Plaintiffs' Opposition to Defendant's Motion to Decertify the Incoming Call Class and Plaintiffs' Opposition to Defendant's Motion for a Protective Order (Docket No. 135, filed January 18, 2001) and Plaintiffs' Supplemental Memorandum (Docket No. 141, filed March 19, 2001).

Defendant contends that proceeding in the way plaintiffs propose is inappropriate because essential to any class proceeding is that the class have an appropriate representative, and the court cannot properly allow the case to proceed as a class action when no person has yet been identified as a suitable class representative, even though the case has been pending for almost four years.

As will become apparent in the consideration of the more detailed arguments, each party has numerous reenforcing arguments.

### B. Defendant's Assertion That Each Cellular One Customer Has a Unique Billing History

Defendant asserts that common issues of fact do not predominate among the class proposed by plaintiffs because "each of Cellular One's customers has a unique billing history based upon monthly airtime usage, monthly calling patterns and inclusive free minutes in a given rate plan, resulting in vastly different causation and liability analyses for each of approximately 275,000 class members for each month during the class period ...." Docket No. 128 at 1 (footnote omitted).

▇ In support of this contention defendant presented affidavits that, if fully credited, would support its factual assertions. Defendant argues that under the schedule jointly proposed by the parties and approved by the court the date for completion of discovery bearing on class action has passed and plaintiff should not be allowed discovery on liability or damages before the court decides the certification issue. A problem about this contention is that defendant is seeking to use it not only to support decertification but also to have the court declare that the decertification order is final. It is the court's common practice, however, to recognize that no order it makes before ordering final judgment in the case is beyond the court's authority later to vacate or modify upon a showing by any party of good cause for doing so. I conclude that it is appropriate to follow that practice in this case and recognize that if I order decertification on the record now before me, that will not be a barrier to my vacating or modifying that order and certifying a class if an appropriate class representative is identified and shows good cause for being allowed at an unusually late point in the development of the case to become a party and be recognized as class representative.

### C. Defendant's Assertion That Affirmative Defenses Bar Class Certification

Defendant asserts that common issues of fact do not predominate among the class proposed by plaintiffs because "resolution of Cellular One's affirmative defense of waiver will require a mini-trial for every member of the class in order to determine their knowledge and intent vis-a-vis their relinquishment of a known right." Docket No. 128 at 1.

The memoranda of the parties call attention to the array of conflicting pronouncements in judicial opinions bearing on this issue. *Compare Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); *General Telephone Co.*

*of the Southwest v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982); *Waste Management Holdings, Inc. v. Mowbray*, 208 F.3d 288 (1st Cir.2000); *Kent v. SunAmerica Life Ins. Co.*, 190 F.R.D. 271 (D.Mass.2000); *Duhaime v. John Hancock Mutual Life Ins. Co.*, 177 F.R.D. 54 (D.Mass.1997); *Mattoon v. City of Pittsfield*, 128 F.R.D. 17 (D.Mass. 1989); *with Lamphere v. Brown University*, 553 F.2d 714 (1st Cir.1977); *Jones v. Hutto*, 763 F.2d 979 (8th Cir.1985) *vacated*, 474 U.S. 916, 106 S.Ct. 242, 88 L.Ed.2d 251 (1985); *Smith v. MCI Telecommunications Corp.*, 124 F.R.D. 665 (D.Kan.1989).

■ I conclude that it is appropriate for district courts in the First Circuit to be guided on this issue by *Mowbray*, 208 F.3d 288, 295 (1st Cir.2000) ("We regard the law as settled that affirmative defenses should be considered in making class certification decisions.").

Nevertheless, the problem identified in Part II.B above exists here also. Defendant is seeking to use this argument not only to support decertification but also to have the court declare that the decertification order is final. I conclude that I should not do so for the reasons explained in Part II.B above.

### III. Plaintiffs' Contentions That Evidence on Damages Will Cure Deficiencies in Qualification of the Case for Class Action Relief

Plaintiffs assert that "based on information disclosed by the defendant in affidavits filed in this action, plaintiffs anticipate that they will obtain admissible evidence which will establish the specific damages of each class member and/or the aggregate damages of all members of the class." Docket No. 135 at 7 (footnote omitted). In footnote 7 at the end of this quotation, plaintiffs assert: "The likelihood of proof of damages being available from defendant's computer records is also demonstrated, at length, in Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion for Class Certification (Docket No. 53) which was filed on June 23, 1988. That discussion is incorporated herein by reference." *Id.* at n.7.

■ This black-box assertion without pointing out to the court and to opposing counsel any specific statements in affidavits and specific entries in computer records on which they rely to present a reasoned argument for inferences to be drawn is not enough to show likelihood that discovery relating to damages will cure deficiencies in proof that common issues predominate. On the record now before me, I find no basis for predicting that full development of evidence bearing upon damages will make it possible to decide individual claims without extensive proceedings on damages suffered by each individual.

Proof that many persons (even if not as many as 275,000) were billed for and paid charges for incoming calls in many months is not enough to show that any specific amount of damages could properly be found by a finder of facts at trial, or that any aggregate amount could properly be found. Proof of charges and payments is not evidence of harm or an amount of harm on the basis of which damages could be awarded in the face of (i) a strong likelihood that services were received in return for the billed payments and (ii) lack of admissible evidence to rebut that strong likelihood.

Plaintiffs' assertions that causation will turn out to be "a common issue," Docket No. 141 at 2, and that the amount of damages calculable from defendant's records will "not be reasonably disputable," Docket No. 141 at 2 n.2, are not likely to be consistent with the record in this case after further discovery, regardless of how much longer the court allows for further discovery. To be a "common issue" in the relevant sense, the issue must be one that does not require separate dispute resolution processes for different individuals who are said to have claims in "common."

■ Causation issues are not "common" simply because the same legal test applies. That legal test is one that, in application, ordinarily requires a decisionmaker to make many findings of "types" of damages and different amounts. In this case, the present record makes it appear likely that at least hundreds and more likely thousands of the 275,000 potential class members would have claims for damages that differ rather than

being "common," and require separate determinations as to whether some damages may properly be awarded, and still more separate determinations of some precise amount of damages that can properly be declared to have been caused by allegedly improper charges.

## ORDER

For the foregoing reasons, it is ORDERED:

(1) Defendant's Motion to Decertify the Incoming Call Class (Docket No. 128, filed December 22, 2000) is ALLOWED;

(2) Motion by Margaret L. Bibeau to Be Designated as a Representative of the Certified Class (Docket No. 112, filed May 12, 2000) is DENIED.

(3) A **Case Management Conference** to consider Defendant's Motion for Protective Order (Docket No. 131, filed January 4, 2001) and other matters bearing on scheduling further proceedings in this case is set for **3:45 p.m. on April 27, 2001.**